Being unable to agree with the majority opinion, I respectfully dissent. In reversing the trial court's summary judgment in favor of appellee, the majority concludes appellant provided sufficient evidence to support a finding that injury to appellee's employee was substantially certain to result from the dangerous condition which appellant claimed existed with the oven. Because I believe appellant failed to provide sufficient evidence appellee knew an injury was substantially certain to result from the condition of the oven, I would affirm the judgment of the trial court.
In concluding that appellant provided evidence which would support a finding that the oven was substantially certain to injure an employee, the majority relies on the evidence of what it terms "prior accidents" involving the oven. Specifically, appellant presented the affidavits of several of appellee's employees in which the employees state that on two occasions prior to appellant's accident, once in July 1997, and once in September 1997, they witnessed flames in or coming from the oven in question, and that on both occasions they informed appellee's management about what they had seen.
While the affidavits appellant submitted provide evidence of a possible problem with the oven, they do not provide evidence that an injury was substantially certain to occur. Specifically, although the affidavits suggest prior problems with the oven, they do not provide evidence of prior accidents involving the oven. Where no prior accidents have occurred involving a dangerous condition, the lack of accidents strongly suggest that the risk of injury posed by the condition was not so great as to make injury a substantial certainty. Foust v. Magnum Restaurants, Inc. (1994), 97 Ohio App.3d 451, 455. See, also, Pariseau v. Wedge Products, Inc.(1988), 36 Ohio St.3d 124, 126 (holding that evidence of prior malfunctions involving a punch press which amputated employee's hand was not sufficient to establish that injury was substantially certain).
Accordingly, in Goodwin v. Karlschamns USA, Inc. (1993),85 Ohio App.3d 240, the court addressed a faulty vent which caused an explosion, seriously injuring the plaintiff. While the evidence indicated plant officials knew about the faulty vent and the potential for a hydrogen gas explosion, this court held that summary judgment for the defendant was appropriate because "a showing of a significant risk of an explosion does not constitute a showing that an explosion was a substantial certainty. Karlschamns certainly could have been considered reckless in its failure to address the problems at its plant more aggressively. However, a reckless tort is not sufficient to allow recovery against one's employer." Id. at 246. See, also, Heard v. United Parcel Service (July 20, 1999), Franklin App. No. 98AP-1267, unreported (concluding that although the danger to plaintiff from falling boxes may have been significant, the probability of her being injured did not reach the level of substantial certainty, despite eight injury reports from falling boxes in a two-year period).
Similarly here, although there had been two prior incidents with the oven, the lack of prior accidents is strong evidence that an injury to an employee was not substantially certain to occur. Coupling the foregoing with appellee's attention to the oven in an attempt to correct the oven following each of the prior two incidents, appellant's evidence fails to create a genuine issue of material fact that appellee knew an injury was substantially certain to occur. Accordingly, I would affirm the judgment of the trial court.